**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LYDIA L.,

                Plaintiff,

  v.                                      3:19-CV-1084
                                                  (DJS)
ANDREW M. SAUL, *Commissioner of*
*Social Security*,

                Defendant.

_____

**APPEARANCES:**                                    **OF COUNSEL:**

LACHMAN & GORTON                      PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 E. Main Street
P.O. Box 89
Endicott, New York 13761

U.S. SOCIAL SECURITY ADMIN.      JESSICA TUCKER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 7 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 12. Plaintiff also filed a Reply Memorandum of Law. Dkt. No. 15.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision denying Plaintiff disability benefits is reversed, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1976, making her 42 years old on the date of the ALJ's decision. Dkt. No. 8, Admin. Tr. ("Tr.") at pp. 59 & 177. Plaintiff left high school in the ninth grade, and subsequently worked as a housekeeper and home health aide for a number of years before leaving due to her physical impairments. Tr. at pp. 59-60. In her application for benefits, Plaintiff alleged disability based upon carpal tunnel syndrome, high blood pressure, asthma, depression, and bipolar disorder. Tr. at p. 196.

### B. Procedural History

Plaintiff applied for disability insurance benefits and supplemental security income on October 25, 2016. Tr. at p. 177-183 & 192-194. She alleged a disability onset date of August 1, 2015. Tr. at p. 177. Plaintiff's application was initially denied on January 4, 2017, after which she timely requested a hearing before an Administrative

Law Judge ("ALJ"). Tr. at pp. 85-110 & 123-124. Plaintiff appeared and testified at a hearing before ALJ John P. Ramos on November 7, 2018. Tr. at pp. 55-84. On November 7, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 19-35. On July 10, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-7.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements through December 31, 2020. Tr. at p. 24. He then found that Plaintiff's self-employment as a housekeeper and home health aide between January 2017 and November 2017 constituted substantial gainful activity ("SGA"), but that there had been continuous twelve-month periods after the alleged onset date when Plaintiff did not engage in SGA. Tr. at p. 25. The ALJ limited his decision to these periods when Plaintiff did not engage in SGA. *Id*. Next, the ALJ found that Plaintiff has the following severe impairments: obesity, asthma, bilateral carpal tunnel syndrome, and lumbar spine disorder. Tr. at pp. 25-26. The ALJ next found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 26-27. The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except that she should avoid exposure to concentrated respiratory irritants. Tr. at pp. 27-30.

The ALJ next found that Plaintiff was unable to perform any past relevant work. Tr. at p. 30. Relying upon the Medical-Vocational Rules as a framework, and taking into account Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 30-31. The ALJ, therefore, concluded that Plaintiff had not been under a disability from August 1, 2015 though the date of his decision. Tr. at pp. 31.

### D. The Parties' Positions

Plaintiff makes four arguments in support of reversal. First, she argues that the Appeals Council failed to properly consider the retrospective opinion of Physician's Assistant ("PA") Erica Hill, dated December 4, 2018. Dkt. No. 9, Pl.'s Mem. of Law at pp. 6-12. Second, Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence that Plaintiff's physical impairments impacted her ability to stay on task and maintain regular attendance. *Id*. at pp. 12-13. Third, Plaintiff argues that the ALJ's RFC determination fails to properly account for the limitations imposed by Plaintiff's carpal tunnel syndrome. *Id.* at pp. 13-14. Finally, Plaintiff argues that the ALJ's Step Five determination was not supported by substantial evidence. *Id*. at 14-15.

Defendant counters that the Appeals Council appropriately considered PA Hill's opinion when denying review, and argues that the ALJ properly evaluated the record evidence and made a disability determination that is supported by substantial evidence. *See generally* Dkt. No. 12, Def.'s Mem. of Law at pp. 6-21.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

### A.  Appeals Council's Failure to Consider New Evidence

As the Second Circuit has held in *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996):

When the Appeals Council grants review, the decision of the Appeals Council is the final decision of the Secretary.  *See* 20 C.F.R. §§ 404.981, 416.1481.  However, if the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision.  *See* §§ 404.981, 416.1481.  The final decision of the Secretary is subject to judicial review.  42 U.S.C. § 405(g).

In cases such as this one, where the Appeals Council has denied review of the ALJ's decision, "it is well-settled that [t]he role of the district court is to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision."  *Kirah D. v. Berryhill*,  2019 WL 587459, at *4 (N.D.N.Y. Feb. 13, 2019) (internal quotations and citations omitted).

"Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Lesterhuis v. Colvin*, 805 F.3d 83, 86 (2d Cir. 2015) (quoting 20 C.F.R. § 404.970(b)). "The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d at 193) (alteration in original).

20 C.F.R. § 404.976(b)(1) provides that the "Appeals Council will consider . . . any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision", which in this case was November 2, 2018.  Tr. at p. 31.  Such evidence must be both (1) relevant to the claimant's condition during the relevant period and (2) probative, and additionally must create "a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d at 193 (2d Cir. 2004).

The ALJ issued his disability determination on November 2, 2018.  Tr. at p. 31. On November 7, 2018, Plaintiff submitted a request for review to the Appeals Council. Tr. at p. 1.  While this request was pending, Plaintiff provided a Questionnaire completed by PA Hill on December 4, 2018.  Tr. at pp. 14-16.  In that Questionnaire, PA Hill stated that she treated Plaintiff for polyarthritis, chronic back pain, carpal tunnel syndrome, and asthma, and provided her opinion of Plaintiff's physical limitations for the period between April 24, 2016 until November 30, 2018.  Tr. at pp. 14 & 16.  She opined that Plaintiff's physical conditions and the side effects of her medication caused pain and fatigue that would diminish her work pace and cause her to need to rest at work. Tr. at p. 14.  As a result, it was PA Hill's opinion that Plaintiff would be off task more than 10% but less than 15% of the work day, and would miss one day of work or less per month due to her physical impairments.  Tr. at pp. 14-15.  She further opined that Plaintiff could sit for approximately eight hours out of an eight-hour work day, but would need to change positions approximately every hour.  *Id*.  She also opined that Plaintiff could stand or walk for approximately two hours out of an eight-hour day, could frequently lift up to ten pounds, and could occasionally lift over ten pounds.  *Id*.  In her opinion, Plaintiff could reach and handle with both arms and hands more than 1/3 of the work day, but could only perform fine motor activity with either hand up to 1/3 of the work day.  Tr. at p. 16.

The Appeals Council denied Plaintiff's request for review on July 10, 2019.  Tr. at p. 1.  As part of its denial, the Appeals Council acknowledged receipt of PA Hill's

opinion, along with a list of Plaintiff's medications, but found "no reasonable probability that this evidence would change the outcome of the [ALJ's] decision and/or does not relate to the period on or before the Administrative Law Judge's decision." Tr. at p. 2.

Plaintiff contends that the Appeals Council erred with regard to both the timing and relevance of PA Hill's opinion. This court agrees. To begin with, PA Hill's Questionnaire expressly covers the period between April 24, 2016 until November 30, 2018, and therefore relates to the period prior to the ALJ's November 7, 2020 disability determination. Tr. at p. 31.

There is also a reasonable probability that PA Hill's opinion would change the outcome of the ALJ's decision, particularly in light of the other medical opinion evidence in the record. In his decision, the ALJ assigned "significant weight" to the opinion of consultative examiner Dr. Gilbert Jenouri, who examined Plaintiff one time. Tr. at pp. 28 & 376-379. He assigned "some weight" to Dr. Keyoor Patel, who treated Plaintiff for chest pain between April 2016 and May 2018. Tr. at pp. 28, 486-487, & 511-540. He also assigned "limited weight" to the opinion of Dr. Muhammad Ali, a pulmonologist who treated Plaintiff's asthma between April 2017 and January 2018. Tr. at pp. 28, 583-594, & 637-638. The record shows that PA Hill's treatment history with Plaintiff is much more extensive than any of these physicians.

PA Hill has treated Plaintiff since at least April 2016, corresponding with the time period covered by her opinion. Tr. at p. 305. At her hearing, Plaintiff identified PA Hill as her primary care provider for back pain, leg pain, and arthritis. Tr. at p. 55.

PA Hill is also identified as Plaintiff's primary care provider in treatment notes from numerous other health care providers.  Tr. at pp. 385, 463, 490, & 645.  PA Hill's own notes indicate that she has treated Plaintiff for back and neck pain that is aggravated by sitting, walking, and standing.  Tr. at pp. 543, 555, 575, & 618.  She has also been involved in treatment of Plaintiff's other severe impairments as identified the ALJ including asthma, obesity, and carpal tunnel syndrome.  Tr. at pp. 25, 543, 553, & 563.

The parties devote significant discussion to Ms. Hill's position as a physician's assistant, and what weight, if any, would be afforded to her opinion by the ALJ.  Pl.'s Mem. of Law at pp. 11-14; Def.'s Mem. of Law at p. 9-11; Pl.'s Reply at pp. 1-2.  This has no bearing on the decision to remand.  The Court recognizes that PA Hill's opinion would not be entitled to controlling weight because a physician's assistant is considered an "other source" and not an "acceptable medical source."  *Eusepi v. Colvin*, 595 Fed. Appx. 7, 8-9 (2d Cir. 2014); *see also* SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006).  Nonetheless, evidence from a physician's assistant may be based on "special knowledge" of the claimant and "provide insight" into the severity of her impairments and functional limitations.  SSR 06-03p, 2006 WL 2329939, at *2; *see also Tammy Lynn B. v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 184, 194 (N.D.N.Y. 2019) (noting that ALJ can still consider opinion of non-acceptable medical source "when determining severity of impairments and how they affect individual function.").

While an ALJ is entitled to afford little or no weight to a physician's assistant's opinion, he "generally should explain the weight given" to that opinion "or otherwise

11

ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6; *see also* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

That is particularly applicable in this case, where the record demonstrates that PA Hill is Plaintiff's primary care provider, and her lengthy treatment experience may provide special insight into Plaintiff's physical functional limitations. Such a situation is not unusual. As the Commissioner has noted,

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03P, 2006 WL 2329939, at *3.

SSR 06-03p further states that "[a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to

follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. *Id.* at *6.

This approach has been followed by numerous courts in determining the relevance of similar opinion evidence. *See Evans v. Colvin,* 649 Fed. Appx. 35 (2d Cir. 2016) (remanding where ALJ failed to adequately consider opinion of physician's assistant who was plaintiff's primary care provider); *Kohler v. Astrue*, 546 F.3d 260, 268-269 (2d Cir. 2008) ("Although the ALJ was not required to give controlling weight to [a nurse practitioner's] opinion, because she is not a "treating source" under 20 C.F.R. § 404.1502, he should have given her opinion some consideration, particularly because [she] was the only medical professional available to Kohler for long stretches of time in the very rural 'North Country' of New York State."); *Ryan v. Comm'r of Soc. Sec.*, 2019 WL 2497904, at *4-5 (W.D.N.Y. June 17, 2019) (remanding where ALJ failed to adequately consider physician's assistant opinion that was based on extensive treatment history); *Reiber v. Berryhill*, 2017 WL 9485695, at *10 (W.D.N.Y. March 28, 2017) (remanding on other basis but encouraging ALJ to consider nurse practitioner opinion submitted to Appeals Council because it was the only comprehensive mental health evaluation in record).

PA Hill treated Plaintiff for a number of years for symptoms related to her asthma, back and leg pain, and carpal tunnel syndrome, and based her opinion on that treatment history. Tr. at pp. 13-16. These symptoms, and the resulting functional limitations, formed the basis of the ALJ's RFC determination that Plaintiff was able to

perform most forms of sedentary work. Tr. at pp. 28-30. It is "reasonably possible," therefore, that PA Hill's opinion may influence the ALJ's evaluation of Plaintiff's functional limitations. In addition, PA Hill's opinion regarding non-exertional impairments that force Plaintiff off-task and reduce work pace may influence the ALJ's decision regarding the need for vocational expert testimony at Step Five. Tr. at pp. 14-16 & 30-31. Therefore, because PA Hill's opinion is relevant to key findings in the ALJ's decision, the Court finds that remand is appropriate in order to allow the ALJ to consider this additional evidence. *See Lesterhuis v. Colvin*, 805 F.3d at 88 (holding that the ALJ should determine what weight to afford medical evidence on remand); *Connell v. Comm'r of Soc. Sec.*, 2017 WL 213054, at *4-5 (N.D.N.Y. January 18, 2017) (remanding for evaluation of evidence where Appeals Council erred in determining that new evidence was insufficient to trigger review of the ALJ's decision.).

### B. Plaintiff's Other Arguments

Because the Court is remanding for consideration of PA Hill's opinion, the Court need not consider Plaintiff's additional arguments regarding the ALJ's RFC analysis and Step Five determination, because those decisions will necessarily be revisited upon remand. *See, e.g., Emily B. v. Comm'r of Soc. Sec.*, 2020 WL 2404762, at *11 (N.D.N.Y. May 12, 2020) (declining to address specific challenges to RFC and Step Five determination while remanding for consideration of newly submitted medical opinion evidence); *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's

findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined that the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing). Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach the other issues raised by Plaintiff.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED,** that the decision of the Commissioner denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of section 405(g) as set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: December 22, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge